HENRY BOLTON ET AL., APPELLANTS, V. THEODORE HEGNER ET AL., APPELLEES.

FILED DECEMBER 5, 1908.     No. 15,824.

1. Intoxicating Liquors: LICENSE: CHARACTER OF APPLICANT. When the alleged respectable character and standing of an applicant for a liquor license is denied, it is the duty of the licensing board to consider the ignoble acts or crimes which the evidence attributes to the applicant, and from these indices to his character determine whether he is a proper person to receive a license.

2. ———: ———: ———. When it is proved by uncontradicted evidence that an applicant for a license during the preceding year permitted petit gambling in a place of business in his control, and even on one occasion exhibited extremely lascivious pictures, it is the duty of the licensing board to reject his petition.

APPEAL from the district court for Colfax county: GEORGE H. THOMAS, JUDGE. *Reversed with directions.*

*C. J. Phelps,* for appellants.

*William I. Allen* and *W. M. Cain, contra.*

EPPERSON, C.

The appellees were applicants for a liquor license for the current municipal year. During the preceding two months the applicants were employed by a liquor licensee in the same vicinity, during which time their employer was frequently absent, at one time for two weeks, and at other times for two or three days, and, when absent, his business was in control of the applicants. The appellants remonstrated, denying that the applicants were men of respectable character and standing, and, among other things, alleged that they had on April 11, 1908, permitted gambling and the playing of cards for beer in the place of business so kept by them. In view of the record and the evidence we concern ourselves only with the question of the character of the applicants.

In the trial the city council pursued a course somewhat unusual in such matters. In addition to the consideration of evidence produced by the interested parties, the city council undertook an investigation upon their own account. This was surely a laudable thing to do, and indicated a desire on the part of the city council to learn the facts. The examination of the many witnesses who were remonstrants disclosed that many of them had no personal knowledge of the facts in issue. There was, however, one exception. A witness testified that he had no personal knowledge of the matters in controversy, except that of playing cards for money or its equivalent. For some reason not disclosed by the record, the city attorney did not inquire into this matter minutely, but further examination by remonstrants disclosed

that in the place in which applicants were employed men were permitted to play cards, the value of the stake, as disclosed by this evidence, being only 20 cents. How frequently this had occurred is not shown. Many witnesses called by the remonstrants established the fact that, when the saloon was in charge of the applicants on March 11, a group of customers were permitted to play for a case of 24 bottles of beer. One witness testified that he and another man entered this place of business about the 29th day of March, and, after drinking some beer, witness' companion requested the applicants to show them certain photographs which was done. About a dozen lewd photographs were produced, some of which were as lascivious as it was possible for photographs to be or the mind to imagine. The above is the extent of the evidence which bears upon the character of the applicants. This evidence was not contradicted, nor the facts explained.

It is the purpose of our law to prevent persons who are not of respectable character and standing from obtaining a liquor license. When this question is at issue, a licensing board should make diligent inquiry. They are not limited to the general reputation of the applicants, but must take into consideration whatever ignoble acts or crimes the evidence may attribute to them. The licensing authorities must determine whether the acts and conduct shown as indices to their character are sufficient to disqualify the applicants. Undoubtedly the purpose of this statute and others which render certain acts sufficient to disqualify one from receiving a license is to separate as far as possible all petit crimes and common vices from the saloon. The evidence in this case is insufficient, perhaps, to characterize the place of business, which was at times in charge of the applicants, as a gambling house. Neither do we need to find that the applicants were criminals. It was not a great crime to gamble for 20 cents, nor was it a great crime to gamble for a case of 24 bottles of beer. It was, however, a crime. It is prohibited by our statute. In this particular instance it was indulged

Bolton v. Hegner.

in by loafers with the consent, if not the encouragement, of the applicants. Such a place is a kindergarten of crime. Liquor dealers should not only strictly adhere to the law controlling the liquor traffic, but abide by all the laws. They should not permit even those common vices, especially such as are prohibited by statute, to be indulged in in their places of business, and it is the duty of the officers to see that these laws are strictly enforced. The law looks with disfavor upon kindergartens of vice, and the courts are not permitted to overlook petit crimes.

This is one of five cases which are now before this court, where the conduct of the liquor dealers in the city of Schuyler is inquired into. The general situation does not control the decision of any of the cases, but the traffic is getting beyond circumscribed bounds. Mere boys in their teens have been found intoxicated. In some instances they were permitted to loaf around card tables of the saloons, and we are not surprised to find numerous citizens joining in these remonstrances, requiring the city authorities to make this investigation, which should have been voluntary on their part. In this case the conduct of the applicants in exhibiting lascivious pictures and by encouraging or permitting petit gambling has rendered them ineligible as licensees during the current year.

We recommend that the judgment of the district court be reversed and this cause remanded, with instructions to the district court to enter a judgment canceling the license.

DUFFIE and GOOD, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, this case is reversed and remanded, with instructions to the lower court to enter judgment canceling the said license.

REVERSED.